## GOOD *v.* GRANT *et al.*

When money is paid into court by a garnishee in a contest between the attaching creditor and a judgment creditor of the garnishee, the issue should be formed between them.

The statutory period of six months bars a recovery by attachment of excessive interest paid the garnishee by the defendant in the attachment.

**Error to the common pleas of Clinton county.**

Opinion delivered May 11, 1874, by

MERCUR, J. This case seems to have been tried in a very irregular manner. The defendants in error issued an attachment execution ag inst the plaintiff in error as garnishee of Peter Dickinson. At this time Samuel Dickinson held several judgments against Good. He admitted his indebtedness upon them. The court say in their charge, "when the money became due the court directed the garnishee to pay the money into court, and this attachment execution is now being tried for the purpose of determining whether any portion of the money paid into court is the property of said Peter Dickinson." The contest then really was between the defendants in error as attaching creditors of Peter Dickinson as one party, and Samuel Dickinson as the other party. The issue should have been formed and tried between them. By paying the money into court, Good admitted his liability to pay the judgment; although it is said the "court directed" him so to pay it in, we will not assume this direction to have been made without his request. The garnishee should then have been relieved from further costs The contest should have been carried on in form, as it was in fact, between the two parties claiming the fund. Being then in fact a question between the two claimants of the fund, it raised and directly involved the question whether Samuel Dickinson was indebted to Peter Dickinson. The right of the defendants in error to recover depended upon their establishing that Samuel was so indebted. This necessarily led to an inquiry into the business transactions between Peter and Samuel, to ascertain whether, upon the the whole, Samuel was indebted to Peter. As there is no proof of any intentional fraud between Peter and Samuel, the same evidence should have been received as in a suit brought by Peter against Samuel. The attaching creditor occupied no higher ground than Peter would have done. The learned judge appears to have thought the attaching creditor possessed peculiar equities arising from the fact that his judgment was entered while there was a right of redemption in Peter; and that this precluded an inquiry into other distinct transactions. We are not able to see that any such exclusive equities spring from the lien of the judgment. If the fund in court had been raised by a sheriff's sale of the real estate, then the question of the lien of the judgment would have been important. In this proceeding by attachment, the right of the defendants in error to recover, does not rest upon the lien, but simply upon the indebtedness. If the judgment had never been a lien on this land, or if the lien had been lost by lapse of time, the rights of the attaching creditor upon it would have been the same.

To pay interest in excess of the legal rate is not necessarily fraudulent as to creditors. To enable the party who has paid it to recover back, the statute requires his action to be brought within six months after it was paid. In an actual good faith transaction between the parties, the attaching creditor has no greater rights than 'the party paying such excess. Therefore, if the payment of interest was actually so made in July, 1870, this attachment which issued in February, 1872, was too late to recover it back. The court, therefore, erred in instructing the jury to find the excess of interest in favor of the plaintiff below. The errors assigned are sustained. Judgment reversed and a venire facias de novo awarded.